IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| RICKY FREEMAN and, <br> BRENDA FAYE HUNTER | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| VS. | ) <br> ) <br> ) | No. 2:14-cv-03030-JDT-cgc |
| LAQUITA SULLIVAN, et al., | ) <br> ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION PURSUANT TO 28 U.S.C. § 1915

On December 31, 2014, Plaintiffs Ricky Freeman and Brenda Faye Hunter, residents of West Saint Paul, Minnesota, filed a *pro se* complaint against LaQuita Sullivan, Regina Fisher, Robert Lipscomb, Charisse Stewart, Memphis Housing Authority, Adrena James, Carlos Osegueda, Turner Russell, U.S. Department of Housing and Urban Development, Lynn Grosso and Gregory King accompanied by motions seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1, 2 & 3.)

Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee . . ." 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in*

1

*forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiffs have submitted properly completed and executed *in forma pauperis* affidavits. The information set forth in the affidavits satisfy Plaintiffs' burden of demonstrating that they are each unable to pay the civil filing fee. Accordingly, the motions to proceed *in forma pauperis* are GRANTED. The Clerk shall record the defendants as LaQuita Sullivan, Regina Fisher, Robert Lipscomb, Charisse Stewart, Memphis Housing Authority, Adrena James, Carlos Osegueda, Turner Russell, U.S. Department of Housing and Urban Development, Lynn Grosso and Gregory King.

In the instant Complaint, Plaintiffs allege that:

> "All individual defendants and corporations violated our civil rights by refusing to make a reasonable accommodations by not installing a grab [bar] in my bathroom in 2006 and denied my girlfriend to live with me and she's handicap and so am I Defendants claimed we had to married to live together but the rules of the programs says different we had already sent in the doctor reports to the courts which proves we needed to be accommodated and the rules and regulations of the U.S. Department of Housing and Urban Development programs which states violations of our rights and still was denied justice."

The Complaint is factually identical to the amended complaint that Plaintiffs filed on May 27, 2011 in 11-cv-02424-SHM-cgc. In the 2011 complaint, Plaintiffs complained of housing discrimination by all of the same defendants in violation of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, § 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*, and § 1437f of the United States Housing Act of 1937 (the "Housing Act"), as amended by the Housing

and Community Development Act of 1974, 42 U.S.C. § 1437f. Although the instant Complaint is captioned as a "Complaint for Violations of Civil Rights Under 42 U.S.C.§ 1983," Plaintiffs reference the Fair Housing Act and the Rehabilitation Act in the additional pages filed with the Complaint (D.E. # 1-2 and 1-3) and complain of the same underlying actions. Plaintiffs seek damages in the amount of five million, seven hundred twenty thousand dollars ($5,720,000.00).

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action−

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual

allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, Iqbal, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. Neitzke, 490 U.S. at 327-28, 109 S. Ct. 1827.

Id. at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District

4

judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

The doctrine of *res judicata* holds that "a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* bars relitigation of issues if four elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and, (4) an identity of the causes of action." *Kane*, 71 F.3d at 560 (quoting *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)).

The claims raised in the instant complaint have been reviewed and dismissed in the 2011 case. In his Order dated June 17, 2013 (11-2424, D.E. # 52), District Judge Samuel H. Mays granted the motions to dismiss filed by Memphis Housing Authority (11-2424, D.E. # 43), Lynn Grosso, Gregory King, Carlos Osegueda and U.S. Department of Housing and Urban Development (11-2424, D.E. # 33) and Regina Fisher, Robert Lipscomb, LaQuita Sullivan (11-2424, D.E. # 23). Plaintiffs appealed the dismissal to the United States Court of Appeals for the Sixth Circuit on July 2, 2013 (11-2424, D.E. # 54 & 55). The Sixth Circuit affirmed the

5

District Court on December 27, 2013 (11-2424, D.E. # 56) and the Supreme Court of the United States denied Plaintiffs' petition for a writ of certiorari (11-2424, D.E. # 59).

For purposes of *res judicata*, a final decision on the merits by a court of competent jurisdiction was reached when the Supreme Court of the United States denied Plaintiff's petition for writ of certiorari on June 30, 2014. This subsequent action is between the same parties because the same plaintiffs brought suit against the same defendants in both cases. The same issues that were litigated are sought to be litigated again as the factual allegations are identical in both actions. Finally, the causes of action are also identical because, while this Complaint is captioned as a Section 1983 action, the Complaint references the Fair Housing Act and the Rehabilitation Act, which are the same causes of action as litigated in the prior action. Therefore, it is RECOMMENDED that the Court DISMISS the action on the basis of *res judicata* pursuant to Fed. R. Civ. P. 12(b)(6).

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service

on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiffs would not be taken in good faith and Plaintiffs may not proceed on appeal *in forma pauperis*.

Signed this 28th day of January, 2015.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**