IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| RICKY FREEMAN and BRENDA FAYE HUNTER, ) ) ) | |
| Plaintiffs, ) ) | |
| VS. ) ) | No. 14-3030-JDT-cgc |
| LAQUITA SULLIVAN, ET AL., ) ) | |
| Defendants. ) | |

ORDER DENYING PLAINTIFFS' OBJECTIONS, ADOPTING REPORT AND
RECOMMENDATION, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiffs Ricky Freeman and Brenda Faye Hunter, residents of West St. Paul, Minnesota, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on December 31, 2014, accompanied by motions to proceed *in forma pauperis*. (ECF Nos. 1, 2 & 3.) On January 28, 2015, U.S. Magistrate Judge Charmiane G. Claxton granted leave to proceed *in forma pauperis* and issued a Report and Recommendation ("R&R") in which she recommended the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) because the claims are barred by the principles of *res judicata*. (ECF No. 6.) Plaintiffs filed timely objections to the R&R on February 9, 2015. (ECF No. 7.)

Magistrate Judge Claxton noted in the R&R that Plaintiffs had filed a previous action in this Court against the same Defendants. *Freeman, et al. v. Sullivan, et al.*, 954 F.Supp. 2d 730 (W.D. Tenn. 2013), *aff'd*, No. 13-5927 (6th Cir. Dec. 27, 2013), *cert. denied*, 134 S. Ct. 2879, *reh'g denied*, 135 S. Ct. 743 (2014). In that previous action, Plaintiffs complained of discrimination in housing

based on disability, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 701 *et seq.*, and the United States Housing Act of 1937, as amended by the Housing and Community Development Act of 1974, 42 U.S.C. § 1437f. *Freeman*, 954 F.Supp.2d at 735. Although the present case purports to be brought pursuant to 42 U.S.C. § 1983, the allegations arise out of the same set of facts as the prior case. Therefore, the Magistrate Judge determined the claims should have been brought in the prior action.

In their objections to the R&R, Plaintiffs contend only that the earlier case was wrongly decided and that they should be allowed to proceed with their claims. However, the Court finds no error in Magistrate Judge Claxton's conclusion that the § 1983 claims are barred by *res judicata*. Furthermore, even if the claims were not barred by *res judicata*, the limitations period for § 1983 claims in Tennessee is the one-year provision in Tennessee Code Annotated § 28-3-104(a)(3). *See Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiffs' claims accrued, at the latest, in 2007; therefore, any § 1983 claims are untimely.

For these reasons, Plaintiffs' objections are DENIED, and the Court ADOPTS the R&R. This case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiffs should be allowed to appeal this decision *in forma pauperis*, should they seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he or she must first file a motion in the district

court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiffs file a notice of appeal, they must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

  s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE